UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:08-CR-00035-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| THERESA MCNEAL LANCASTER ) | |
| ) | |

This matter is before the court on defendant's *pro se* motion requesting an order to receive Community Correction Management ("CCM") time placement. (DE # 142.) The government filed a response in opposition to the motion. (DE # 144.)

By way of the instant motion, defendant "is simply asking to be placed in CCM to help expedite her transition back into the community . . . ." (Mot., DE # 142, at 2.) She states that she "was made aware that the CCM will honor a recommendation of the Court quicker than any other recommendation." (Id. at 1.)

The court lacks the authority to order that a prisoner be placed in a community correctional facility, commonly referred to as a residential re-entry center ("RRC"); rather, it is the Bureau of Prisons ("BOP") that determines whether (and for how long) a prisoner will be placed in an RRC. See 18 U.S.C. §§ 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment. . . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."), 3624(c)(1) ("The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the

final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."); Garrison v. Stansberry, No. 2:08cv522, 2009 WL 1160115, at *4 (E.D. Va. Apr. 29, 2009) ("Petitioner's request that this Court direct the BOP to place him in an RRC for the maximum period of twelve months is not relief which this Court may grant. Accordingly, the Court only has authority to review whether the BOP properly reviewed Petitioner's case on an individualized basis and followed § 3621(b)'s five factors." (footnote omitted)). Once the BOP makes its decision, "[i]t is proper for [the prisoner] to file a Section 2241 [habeas corpus] petition to challenge a decision of the BOP to limit or deny his placement in a [RRC]." Jones v. Johns, No. 3:11–cv–305–RJC, 2012 WL 3203986, at *2 (W.D.N.C. Aug. 6, 2012). However, before filing a § 2241 petition, the prisoner must exhaust his or her administrative remedies with the BOP. Id.

In this case, according to the government, the Warden of the institution where defendant is currently imprisoned has referred defendant for RRC placement for a period in excess of 270 days, but a decision on the referral has not yet been made. (Resp., DE # 144, at 2 & Attach. 2.) Therefore, defendant's request is premature. Once a decision is made on the referral, if defendant is dissatisfied, she should challenge the decision within the BOP. If defendant remains dissatisfied and only after she has fully exhausted her remedies at the administrative level should she file a § 2241 petition *in the district court located within the district where she is incarcerated*.

Defendant's motion is DENIED WITHOUT PREJUDICE.

This 16 July 2014.

                                     _____
                                     W. Earl Britt
                                     Senior U.S. District Judge

3